United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL P. ALCARMEN,

        Plaintiff,

    v.

CITIBANK N.A., *et al.*,

        Defendants.
_____/

No. C-09-0853 EMC

**ORDER RE SUPPLEMENTAL BRIEFING ON SUBJECT MATTER JURISDICTION**

Defendants have filed a motion to dismiss Plaintiff's first amended complaint, which is currently set for hearing on April 15, 2009. Neither Defendants nor Plaintiff has addressed in the briefing as of date the issue of whether this Court has subject matter jurisdiction over the instant case.

In their notice of removal, Defendants claim that there is federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). More specifically, Defendants claim that "[t]he action arises from the laws of the United States, because in the Complaint, Plaintiff alleges violation of the Truth in Lending Act [and] Regulation Z." Docket No. 1 (Not. ¶ 4). Defendants refer specifically to pages 10 and 11 of the complaint. These pages cover the claims for unfair business practices and unjust enrichment. Although both of these claims are clearly state law claims, each is predicated on there being a violation of a federal law, *i.e.*, TILA. The question is whether this – *i.e.*, federal claims wrapped in state law claims – is enough to constitute "arising under" federal law for purposes of § 1331.

The Supreme Court has held that a case "arises under" federal law for § 1331 purposes when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The reasoning underlying the second category of cases is that, if there is a substantial question of federal law, then it is appropriate to "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (noting that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). In a fairly recent opinion, however, the Supreme Court has indicated that even a substantial question of federal law does not necessarily require a finding of subject matter jurisdiction. Instead, the Court framed the issue as follows: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314 (emphasis added).

The Court hereby orders that the parties provide supplemental briefing on the issue of whether there is subject matter jurisdiction in the instant case, guided, *inter alia*, by the case law cited above. Cross-briefs shall be filed by April 1, 2009.

IT IS SO ORDERED.

Dated: March 26, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge